IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00470 SOM |
| | ) | CIV. NO. 10-00256 SOM/BMK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | A SENTENCE BY A PERSON IN |
| BRENDA PUMARAS, aka MARGARITA | ) | FEDERAL CUSTODY UNDER 28 |
| REYES FERNANDEZ | ) | U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR
CORRECT A SENTENCE BY A PERSON IN FEDERAL
CUSTODY UNDER 28 U.S.C. § 2255

I.    INTRODUCTION.

Brenda Pumaras used a fraudulently obtained visa and a fake name to enter the United States and obtain employment. She pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of knowingly using a means of identification of another person in violation of 18 U.S.C. § 1028A. Although more than a year has passed since the date her judgment became final, she has filed a 28 U.S.C. § 2255 petition, arguing that a Supreme Court case allows her petition to proceed. This court disagrees. Pumaras's § 2255 petition is barred by the statute of limitations.

II.   STANDARD OF REVIEW.

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his

or her incarceration on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A petitioner must allege specific facts that, if true, would entitle the petitioner to relief.  See United States v. Rodriques, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)).

Section 2255(f) sets a one-year limitations period running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judge may dismiss a § 2255 motion if "it plainly

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules.  A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).

III.     BACKGROUND.

On August 6, 2008, Brenda Pumaras, a citizen of the Republic of the Philippines, was charged in an Indictment with eight counts of defrauding the United States by wire fraud in violation of 18 U.S.C. § 1343.  Indictment (Doc. No. 16) (Aug. 6, 2008).  In Count 9, she was charged with using a means of identification of another person in violation of 18 U.S.C. § 1028A.  In Count 10, she was charged with wilfully using a social security card with the intent to deceive in violation of 42 U.S.C. § 408(7)(a).  Apparently, in 1996, Pumaras obtained a United States permanent resident alien visa in the name of Margarita Reyes Fernandez with which she entered the United

States.  Indictment ¶¶ 4-5.  She knew that Ms. Fernandez was an actual person legally admitted into the United States. Memorandum of Plea Agreement ¶ 9e.  Pumaras nevertheless used that name to apply for and obtain a social security number, which she used for work purposes.  Id. ¶ 7.

Pumaras entered into a plea agreement and pled guilty before a magistrate judge.  On October 2, 2008, the magistrate judge submitted a recommendation that the district judge accept Pumaras's plea of guilty to Counts 8 and 9.  On October 20, 2008, this court accepted her guilty plea.

This court sentenced Pumaras on February 2, 2009, to 2 months of imprisonment as to Count 8 (wire fraud), and 2 years of imprisonment as to Count 9 (aggravated identity theft).  This court granted the Government's motion to dismiss Counts 1 to 7 and Count 10.  Pumaras did not appeal the sentence.

Three months after this court sentenced Pumaras, the Supreme Court rendered its decision in Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), affirming the Ninth Circuit's decision in United States v. Miranda-Lopez, 532 F.3d 1034 (9th Cir. 2008).  Flores-Figueroa establishes that, to be guilty of aggravated identity theft, a defendant must know that the means of identification belonged to another person.

On April 30, 2010, Pumaras filed her present § 2255 petition.

IV.     ANALYSIS.

Pumaras understands that a § 2255 petition must be filed within one year of the date her judgment became final. Her judgment became final in February 2009. She did not file her petition until April 30, 2010. Pumaras says that she could not file her petition until the Supreme Court decided Flores-Figueroa on May 4, 2009, and that she is entitled to file within a year from that date. This court disagrees. Pumaras's petition is time-barred.

There is a one-year statute of limitations under § 2255(f)(2), which runs from:

> the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

Pumaras says that she was "unable to file any appropriate motion prior to May 4, 2009," the date the Supreme Court decided Flores-Figueroa. But Flores-Figueroa did not remove an "impediment" created by "governmental action." An alleged governmental impediment must be illegal or unconstitutional. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002); see also Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). The Supreme Court affirmed the Ninth Circuit, which had already required that a defendant

5

convicted under 18 U.S.C. § 1028A(a)(1) have known that the means of identification belonged to another person. Miranda-Lopez, 532 F.3d at 1038. Thus, any argument that the Supreme Court changed the law in May 2009 is untenable. In any event, as Pumaras admitted having known that Ms. Fernandez was a true person legally admitted to the United States, this element was satisfied even before the Supreme Court affirmance.

As Pumaras raises no other reason for tolling the statute of limitations and identifies no other applicable exception, this court denies her motion as untimely.

V.      CERTIFICATE OF APPEALABILITY.

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a § 2255 proceeding. See 28 U.S.C. § 2253(c)(1)(B).

A court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural

> grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  As this court finds that reasonable jurists would not debate this court's procedural ruling that the motion is untimely, the court declines to issue a certificate of appealability.

VI.     CONCLUSION.

The court denies the petition for § 2255 relief without an evidentiary hearing and declines to issue a certificate of appealability.

                        IT IS SO ORDERED.

                        DATED: Honolulu, Hawaii May 17, 2010



                                /s/ Susan Oki Mollway
                                Susan Oki Mollway
                                Chief United States District Judge

United States v. Brenda Pumaras, 08cr470, 10cv256 SOM/BMK; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255